UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHANTAE ROBERTS,
as Parent/Guardian of D.R,

    Plaintiff,

        v.

DISTRICT OF COLUMBIA,

    Defendant.

Civil Action No. 14-1842 (DAR)

## MEMORANDUM OPINION

Plaintiff Shantae Roberts brings this action to recover $38,086 in attorneys' fees and costs that she incurred in connection with administrative proceedings conducted pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* Complaint (Document No. 1). Pending for determination are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (Document No. 11) and Defendant's Cross-Motion for Summary Judgment ("Defendant's Motion") (Document No. 13). Upon consideration of the motions, the memoranda in support thereof and opposition thereto, the attached exhibits, and the entire record herein, the court will grant Plaintiff's motion in part, and deny Defendant's motion as moot.

**BACKGROUND**

Plaintiff Shantae Roberts is the parent of D.R., a minor student residing in the District of Columbia who is eligible to receive special education and related services. *See* Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgement ("Plaintiff's Memorandum") (Document No. 11-1) at 2. Plaintiff filed an

administrative due process complaint against District of Columbia Public Schools ("DCPS") on April 11, 2014, in which she raised a number of issues "alleg[ing] that [DCPS] failed to comply with its affirmative obligation to identify, locate, and evaluate [D.R.] over several years to determine her need for special education based on [D.R.'s} problem behaviors in school and repeated requests for evaluation . . . ." Hearing Officer Determination (Document No. 11-5) at 1. After conducting a hearing on Plaintiff's complaint, the Hearing Officer issued a determination ("HOD") on June 3, 2014, finding in Plaintiff's favor. *Id.* at 1-13.[1]

Following the hearing officer's determination, Plaintiff commenced an action in this court seeking $38,086 in attorneys' fees and costs that she incurred in the underlying administrative proceedings. Plaintiff's Memorandum at 7.

**CONTENTIONS OF THE PARTIES**

Plaintiff submits that she was the prevailing party in this action and is, therefore, entitled to reasonable attorneys' fees and costs as provided by the applicable authorities. *See* Plaintiff's Memorandum (Document No. 11-1) at 3. Accordingly, Plaintiff seeks a total of $38,086, which reflects $37,350 in attorneys' fees at a rate of $450 per hour. *See* Plaintiff's Invoice (Document No. 11-6) at 1. Plaintiff avers that the hourly rates billed by her counsel are reasonable, given her 17 years of experience in special education law and applicable prevailing market rates established by the *Laffey* matrix.[2] Plaintiff's Memorandum (Document No. 11-1) at 4-5. Plaintiff further contends that the number of hours requested are also reasonable. *Id.* at 5.

---

[1] The Hearing Officer did find, however, that Plaintiff's claim with regard to the 2011-2012 school year was time-barred by the applicable statute of limitations. Hearing Officer Determination (Document No. 11-5) at 9.

[2] The *Laffey* matrix is "a schedule of charges based on years of experience developed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *rev'd on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 [] (1985)." *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1105 (D.C. Cir. 1995) (footnote omitted). The Civil Division of the United States Attorney's Office for the District of Columbia updates and maintains a *Laffey* matrix, available at http://www.justice.gov/usao/dc/divisions/Laffey_Matrix 2014.pdf.

  Defendant concedes that Plaintiff was the prevailing party in the underlying administrative proceedings, and makes no argument with regard to the reasonableness of the number of hours claimed.  *See* Defendant's Opposition to Plaintiff's Motion for Summary Judgement and Cross-Motion for Summary Judgment ("Defendant's Memorandum") at 3.  That being said, Defendant takes issue with Plaintiff's request of attorneys' fees at a rate of $450 per hour.  *Id.* at 1.  Defendant contends that Plaintiff has "failed to set forth a scintilla of evidence that the matter upon which this suit is based was particularly complicated or somehow not the ordinary run-of-the-mill IDEA matter."  *Id.* at 2-3.  Defendant argues, therefore, that an award of attorney's fees at three-quarters of the applicable *Laffey* rate is warranted under these circumstances, yielding a rate of $337.50 per hour.  *Id.* at 9.  The only issue that Defendant raises with regard to costs is that an award representing travel time should be at 50 percent of the reduced applicable *Laffey* rate.  *Id.* at 9-10.

  Plaintiff counters Defendant's assertions by claiming that the administrative proceeding was sufficiently complex as evidenced by the amount of time spent in preparation for the administrative hearing and requisite knowledge.  Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment and Plaintiff's Response in Opposition to Defendant's Cross-Motion for Summary Judgment ("Plaintiff's Reply") (Document No. 14) at 2-3.  Moreover, Plaintiff reasserts her position that an award at the full *Laffey* rate represents the prevailing market rate for an attorney of her counsel's experience, and is, therefore, wholly appropriate.  *Id.* at 3-4.  Lastly, as alternate relief, Plaintiff requests that the Court award her attorneys' fees at three-quarters of the current *Laffey* rate or $345 per hour.  *Id.* at 5.[3]

---

[3] Plaintiff offers no argument as to why the award of attorneys' fees should represent the current *Laffey* rate as opposed to the *Laffey* rate in effect at the time her counsel provided services.  *See Tillman v. District of Columbia*,

**APPLICABLE STANDARDS**

*Determination of a Reasonable Billing Rate*

In actions for attorneys' fees that are brought pursuant to the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs" to the prevailing party. 20 U.S.C. § 1415(i)(3)(B)(I). In evaluating such a request, the court must first determine "whether the party seeking attorney's fees is the prevailing party," and if so, must then evaluate whether the requested fees are reasonable. *Wood v. District of Columbia*, 72 F. Supp. 3d 13, 18 (D.D.C. 2014) (citing *Staton v. District of Columbia,* No. 13–773, 2014 WL 2700894, at *3 (D.D.C. June 11, 2014), *adopted by*, 2014 WL 2959017; *Douglas v. District of Columbia,* 67 F. Supp. 3d 36, 40 (D.D.C. 2014)).

As the Circuit recently observed, "[t]he IDEA provides no further guidance for determining an appropriate fee award." *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015). Thus, the common mechanism for the determination of a reasonable award is generally "the number of hours reasonably expended" multiplied by a reasonable hourly rate. *Wood,* F. Supp. 3d at 18 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). The party requesting fees bears the burden of demonstrating the reasonableness of the hours expended, and "may satisfy this burden by submitting an invoice that is sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Id.* (citing *Hensley*, 461 U.S. at 433). The party requesting fees "also bears the burden of establishing the reasonableness of the hourly rate sought," and in doing so, "must submit evidence on at least three fronts: the attorneys' billing practices; the attorneys' skill, experience,

---

No. 14-1542, 2015 WL 5011656, at *7 n.6 (D.D.C. Aug. 24, 2015) (awarding attorneys' fees at three-quarters of the *Laffey* rate in effect at the time the services were provided).

and reputation; and the prevailing market rates in the relevant community." *Wood,* 72 F. Supp. 3d at 18-19 (internal quotation marks omitted) (citing *In re North,* 59 F.3d 184, 189 (D.C. Cir. 1995)); *see generally Covington,* 57 F.3d at 1107. If the party requesting fees satisfies its burden, "there is a presumption that the number of hours billed and the hourly rates are reasonable," and "the burden then shifts to the [opposing party] to rebut" this presumption. *Id.* (citations omitted) (quoting another source) (internal quotation marks omitted).[4]

In this jurisdiction, the *Laffey* Matrix serves as the commonly accepted benchmark for the determination of prevailing market rates for attorneys' fees in complex federal court litigation. *See Eley*, 793 F.3d at 100. "The prevailing market rate provides merely a starting point for determining the reasonableness of a billing rate . . . . The fee applicant should also submit evidence, including affidavits, regarding her counsel's general billing practices, skill, experience and reputation." *Wood*, 72 F. Supp. 3d at 21 (quoting *Baker v. District of Columbia Pub. Sch.,* 815 F. Supp. 2d 102, 114 (D.D.C. 2011)) (citations omitted) (internal quotation marks and alterations omitted).

Nonetheless, judges of this court have adopted varying approaches to determining the prevailing market rate for attorneys' fees in IDEA actions. *Wood*, 72 F. Supp. 3d at 19. "While some judges of this court have applied the full *Laffey* rates in IDEA cases, others have applied a rate equal to three-fourths of the *Laffey* Matrix rate . . . *where the underlying administrative proceedings did not involve particularly complex matters*." *Id*. (quoting *Haywood v. Dist. of Columbia,* No. 12–1722, 2013 WL 5211437, at *6 (D.D.C. Aug. 23, 2013)) (citations omitted)

---

[4] The traditional summary judgment standard is not applicable to the Plaintiff's motion, although it is styled as a motion for summary judgment. *Wood,* 72 F. Supp. 3d at 18; *see also Gardill v. District of Columbia,* 930 F. Supp. 2d 35, 37 n. 1 (D.D.C. 2013) ("Although the plaintiffs seek attorneys' fees in a motion for summary judgment, the typical summary judgment standard is inapplicable here. . . .").

(emphasis supplied); *see also Gardill,* 930 F. Supp. 2d at 42 (citations omitted) ("Some courts find that the *Laffey* rate is presumptively reasonable. . . . Other courts treat the *Laffey* Matrix as providing 'the *highest* rates that will be presumed to be reasonable when a court reviews a petition for statutory attorneys' fees' . . . [and] impose lower rates where 'the defendant shows that the proceedings for which compensation is sought were straightforward or otherwise not demanding of counsel's skills and experience.'").

"[D]ecisions from this Circuit have identified a number of indicia of complexity, such as (1) the length of the administrative hearing; (2) the number of documents and witnesses presented at the administrative hearing; (3) the amount of discovery required; (4) the presence of novel legal issues; (5) the quantity of briefing required, and (6) the use of expert testimony." *Wood*, 72 F. Supp. 3d at 20 (quoting *Gardill*, 930 F. Supp. 2d at 43); *see also Thomas v. District of Columbia*, 908 F. Supp. 2d 233, 247 (D.D.C. 2011) (criticizing a magistrate judge's omission of a fact-specific determination of complexity as a prerequisite to a finding regarding the appropriate billing rate).

More recently, this Court has cautioned that IDEA cases "take a variety of litigation paths" and cannot be dismissed as categorically routine or simple." *Sweatt v. District of Columbia*, 82 F. Supp. 3d 454, 459 (D.D.C. 2015) (quoting *Thomas*, 908 F. Supp. 2d at 243). By way of illustration, the Court has observed that "IDEA cases require 'testimony from education experts regarding whether a student has been denied a free and public education,' . . . and plaintiffs' counsel must 'understand the bureaucratic workings of [DCPS] . . . and . . . become conversant with a wide range of disabling cognitive, emotional, and language-based disorders and the corresponding therapeutic and educational approaches.'" *Id*. at 460 (citations omitted). Moreover, "[s]ince an attorney's total fee award is determined by multiplying the number of

hours expended by the hourly rate, reducing the *Laffey* rates to reflect the brevity of the case improperly accounts for the length of the proceedings twice." *Id.* Therefore, "[t]he complexity of the case is accounted for by the number of hours expended and should not be accounted for by a blunt reduction of rates before applying the rates to the number of hours expended." *Id.* While the Circuit thus far has declined to decide "whether IDEA litigation is in fact sufficiently 'complex' to use [some version of the *Laffey* Matrix][,]" it has criticized the mechanical application of the proposition "that IDEA cases, as a subset of civil rights litigation, fail to qualify as 'complex federal litigation.'" *Eley*, 793 F.3d at 105.[5]

**DISCUSSION**

*Plaintiff Has Not Met Her Burden*

The Court finds that an award of attorneys' fees for Plaintiff's counsel at the full *Laffey* rate is not warranted under these circumstances. As discussed by *Sweatt*, this Court similarly rejects the notion that IDEA cases by their very nature are somehow "categorically routine or simple," thus warranting reduced compensation. *See Sweatt*, 82 F. Supp. 3d at 459 (quoting *Thomas v. District of Columbia*, F. Supp. 2d 233, 243 (D.D.C.2012). That said, it has not yet been established that full *Laffey* rates will be appropriate in *every* IDEA case. *See Sweatt*, 82 F. Supp. 3d at 450; *see also Gaston v. District of Columbia*, 2015 WL 5029328, at *6 (D.D.C. Aug. 26, 2015), *adopted by*, 2015 WL 5332111. The burden is still upon the party seeking attorneys' fees to demonstrate "the reasonableness of the hourly rate sought." *Wood*, 72 F. Supp. 3d at 18 (internal quotation marks omitted). Moreover, the reasonableness of the rate rests on an analysis of the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the

---

[5] In a concurring opinion, a member of the *Eley* panel wrote that "I would simply add that in my view, the United States Attorney's *Laffey* Matrix is appropriate for IDEA cases." 793 F.3d at 105.

prevailing market rates in the relevant community, in conjunction with the complexity of the particular administrative proceeding.

> With regard to the aforementioned criteria, in reference to her attorney, Plaintiff submits
>
>> 1. Billing Practices: Since 1997 and at all times relevant to this case, Plaintiffs' counsel's billing practice has consistently been detailed and recorded in either the billing software program "Timeslips" or, most recently, the software provided by DCPS.
>>
>> 2. Experience: Carolyn Houck, Esq. is trained and knowledgeable and has practiced exclusively in the field of special education since 1997.
>>
>> 3. Prevailing Rate: The prevailing market rates in the District of Columbia special education community, as determined by several judges in this Court, is the *Laffey* Matrix, described below.

*See* Plaintiff's Memorandum (Document No. 11-1) at 4. With regard to the complexity of the administrative proceeding, Plaintiff contends

> The plaintiff had to participate in a due process hearing in order to obtain relief. In order to prevail at the hearing, undersigned counsel was required to have knowledge of the psychological and academic issues involved in the student's disabilities, understand the procedural rules and substantive legal issues, and [] have the ability to present all of this information in a cohesive and logical manner. This was not a simple hearing, as defendant implies. A detailed Complaint was filed (after thoroughly researching the facts and applicable laws of each case), a pre-hearing conference was held, a pre- hearing Order was issued, and materials were disclosed (including witness lists and exhibits). The hearing itself involved the preparation of opening and closing statements, as well as direct and cross-examination of all witnesses. This was not an open and shut case.

Plaintiff's Reply (Document No. 14) at 3. Nevertheless, the Court concludes that Plaintiff has fallen short of her burden. Here, for example, Plaintiff has not described her counsel's billing practices; instead, she states that her "counsel's billing practice has consistently been detailed and recorded in either the billing software program 'Timeslips' or, most recently, the software

provided by DCPS." Plaintiff's Memorandum at 5; *see Haywood*, 2013 WL 5211437, at *7 (citing *Santamaria v. Dist. of Columbia*, 875 F.Supp.2d 12, 21 (D.D.C. 2012)) (applying rates equal to three-quarters of the *Laffey* rates for the same counsel where plaintiffs did not describe "complexities in their proceedings" or provide evidence of counsel's actual billing practices); *see also Clay*, 2014 WL 322017, at *6 n.5 (citations omitted).

In addition, Plaintiff's proffer is not sufficient to show that the administrative proceeding was adequately complex to warrant an award at the full *Laffey* rate. An independent review of the administrative record also has produced no evidence that the issues before the Hearing Officer were sufficiently complex or novel to justify such an award. Plaintiff pled four claims in a four–page due process complaint, and the claims were heard during a one day of hearing in which Plaintiff called two witnesses and the Defendant called one witness. *See* Hearing Officer Determination (Document No. 11-5) at 1-3; *see also* Due Process Complaint (Document No. 11-4) at 1-4. At the hearing, testimony was elicited from Plaintiff, an Educational Advocate/Consultant, and the Vice Principal from D.R.'s middle school regarding D.R.'s behavioral issues, emotional/mental state, and the necessity of an evaluation. *See* Hearing Officer Determination (Document No. 11-5) at 3-7. While the preparation for this hearing as described by Plaintiff's counsel obviously is important and necessary, and certainly integral to all IDEA proceedings, Plaintiff, nevertheless, has not described any complexity specific to her case. *See Gardill*, 930 F.Supp.2d at 43 (D.D.C.2013) (applying three-quarters of the *Laffey* rates where "the plaintiffs [ ] neither argued nor provided evidence that the underlying IDEA litigation presented any novel legal issues or difficult complexities," but awarding full *Laffey* rates for two matters for which the plaintiffs had demonstrated that the "cases were sufficiently complex"). These circumstances present a stark contrast to the factual scenario presented in *Gaston,* in

which the *Gaston* court found that the lengthy, complex proceeding, a voluminous record, the presence numerous novel issues of law, as well as a significant deal of expert testimony, all compelled the conclusion that the administrative proceeding was complex. 2015 WL 5029328, at *6-7.

Accordingly, the Court will award attorneys' fees at three-quarters of the *Laffey* rate to Plaintiff at the hourly rate of $337.50 for Ms. Houck in the amount of $28,350, plus costs in the amount of $567.75, for a total award of $28,917.75.[6]

**CONCLUSION**

For the reasons set forth herein, Plaintiffs' Motion for Summary Judgment (Document No. 11) will be granted in part, and Defendant District of Columbia's Cross–Motion for Summary Judgment (Document No. 13) will be denied by order filed contemporaneously herewith.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

Date: September 30, 2015

---

[6] Here, travel time is awarded at 50 percent of the $337.50 rate. *McAllister v. District of Columbia*, 21 F.Supp.3d 94, 106 (D.D.C. 2014).